## DUNCAN vs. GRAFFLIN and others.

This court has the power to control, in a suit between trustees for different creditors, the sale of property conveyed and mortgaged to them as security for debts due such creditors, in such manner as to protect the equitable rights of all parties in interest, so far as it may be done without prejudice to the rights of any. But its exercise rests in sound discretion ; it should be only for cause.

On bill and answer, and affidavits thereto annexed. Motion to dissolve injunction.

*Mr. W. J. Lyon,* for the motion.

*Mr. J. C. Potts,* contra.

THE CHANCELLOR.

On the 21st of August, 1873, the defendant, George W. Grafflin, as trustee for the firm of John C. Grafflin & Co., held as security for the payment of a certain debt of about $40,000, due from James Smieton to that firm, the title in fee to certain lands in Union county, together with one-half of the amounts of four mortgages for $13,000, $6500, $4500, and $4000, respectively, with interest, on other land there, and he held also as security for the same debt a large quantity of merchandise. The other half of the amount of the mortgages he held as trustee for the firm of James Smieton and Sons, as security for a debt of about $14,000, due from James Smieton to them. On that day the debtor, James Smieton, and his wife, executed and delivered to the complainant, as trustee for the other creditors of Smieton, and to secure the amount which they had agreed to accept in composition of their claims against him, a mortgage for $15,000, and interest on the same land covered by the mortgage for $13,000. On the 11th of September following, the complainant and Grafflin, the trustee, and Smieton, the debtor, entered into a covenant

whereby the residue of the property held by Grafflin, as trustee, or of the proceeds thereof, which should remain after payment of the debts above mentioned, to John C. Grafflin & Co., and James Smieton and Sons, respectively, was secured to the complainant as trustee.   The complainant filed his bill for an account of the debts alleged to have been due to the above mentioned firms, and of the merchandise held by Grafflin as security, and of the disposition made of those goods ; also to restrain Grafflin, the trustee, from proceeding to sale under a decree of foreclosure, obtained by him in this court, on the mortgage for $13,000, and from selling without the order of this court, the land conveyed in fee to him.

The defendants have answered, making the discovery sought by the bill.   It appears, that after applying thereto, the proceeds of the merchandise held as security, and the amount realized from the foreclosure of the mortgage of $6500, there still remains a large sum due to each of the firms for whom Grafflin is trustee ; the net amount received for the merchandise being $24,749.35, and the mortgaged premises having been struck off at the sheriff's sale at $4000.

The complainant has obtained the desired discovery.   The power of this court to control, if need be, under the circumstances, the sale of the property in question, in such manner as to protect the equitable interests of the complainant, if and so far as it may be done without prejudice to or hazard of the rights of Grafflin, the trustee, and his *cestuis que trust,* is unquestionable.   There appears, however, to be no reason for its exercise in the premises.   The complainant, indeed, by his bill alleges that the land which is covered by the mortgage for $13,000, and which contains fifty-five acres, and is to be sold as a whole under the execution, is in the village of Cranford, on the line of the Central Railroad of New Jersey, and that it has been laid out into building lots, and would be sold at a great disadvantage if sold as a farm.   He, however, has offered no proof on the subject.   His affidavit attached to the bill is silent on that score.   On the other hand the defendant, James Smieton, the debtor, and George

W. Grafflin, both swear that that property does not lie in the village of Cranford, and that it has not been divided up or laid out into building lots, but is still a farm tract. And in the answer the defendants allege that in their judgment the property would sell for more money as a farm than it would if divided into building lots. As to the rest of the security held by George W. Grafflin, he proposes, according to the answer, to exhaust it in such manner and order as comport entirely with the equitable rights of the complainant.

The injunction will be dissolved, with costs.